**Florence BARAN, Plaintiff,**

**v.**

**Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant.**

**No. 87 Civ. 2977 (RWS).**

United States District Court, S.D. New York.

Jan. 13, 1989.

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

Michael L. Perlin, Director, Anthony V. Alfieri, Managing Atty., Federal Litigation Clinic, New York Law School, New York City by Susan Fiore, John Sweeney, Cherie Zacker, Eric E. Schneck and Elise Adams, Student Interns, for plaintiff.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City by Sapna V. Raj, Sp. Asst. of counsel, for defendant.

OPINION

SWEET, District Judge.

Plaintiff Florence Baran ("Baran") brings this action pursuant to sections 205(g) and 1631(c) of the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c), to challenge a final decision of the Secretary of Health and Human Services (the "Secretary") denying her application for disability insurance benefits and Supplemental Security Income Benefits. Both parties have moved for judgment on the pleadings pursuant to Rule 12(c), Fed.R.Civ.P. Based upon the facts and conclusions set forth below, the claim will be remanded for further findings in accordance with this opinion.

*Facts*

Baran is a forty-three year old woman and a high-school graduate. She was born and resides in the Bronx. Baran is separated from her husband and lives in an apartment with her ten year old son. From

1961 to 1977, Baran worked as a clerk and teletypist. The work involved the performance of various clerical duties, such as copying, typing and answering phones. Further, in 1984, Baran was employed by Century Hardware on a part-time basis for 18 days over a four week period. Baran's work duties included customer service, shade cutting, key making, operating a cash register, answering the phone, typing, and lifting and pushing light boxes onto shelves. Baran stopped working because of work-related stress, and pain.

Baran suffers from degenerative arthritis of the cervical and lumbosacral spine, peptic ulcer disease, chronic anemia, hypoglycemia, premenstrual syndrome, mitral valve prolapse with arrythmia, chronic sinusitis, allergies, cataracts and anxiety neurosis. Administrative law Judge Robert J. Lazarus (the "ALJ") found that Baran's impairments did not render her totally disabled. He found Baran's allegations of pain to be insufficient to preclude her from engaging in substantial activity, and concluded that Baran could return to and perform the sedentary work she had done in the past. In so concluding, the ALJ failed to credit the opinion of treating physicians regarding the severity of Baran's arthritis and her consistent symptoms of pain as insufficiently supported by objective clinical findings. In addition, the ALJ failed to credit Baran's testimony.

*Discussion*

■ Under the Social Security Act, the Secretary's decision is binding on this court if it is supported by substantial evidence. *Parker v. Harris*, 626 F.2d 225 (2d Cir. 1980). Substantial evidence means "more than a mere scintilla. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938).

In determining whether an individual is disabled, the ALJ must consider objective medical facts, diagnoses or medical opinions based on facts, subjective evidence of pain or disability testified to by the claimant, and the claimant's educational background, age and work experience. *Parker*, 626 F.2d at 231. The ALJ must fulfill a "'heightened duty' to explore for all relevant facts." *Donato v. Secretary of Health and Human Services*, 721 F.2d 414, 419 (2d Cir.1983) (quoting *Echevarria v. Secretary of Health & Human Services*, 685 F.2d 751, 755 (2d Cir.1982)). In particular, the opinions of the claimant's treating physician are to be accorded substantial weight and deference. *Moore v. Secretary of United States Department of Health and Human Services*, 778 F.2d 127, 131 (2d Cir.1985).

The ALJ failed to meet his heightened duty to explore all relevant facts. First, he did not fully consider the opinions of Baran's treating physicians or Baran's complaints to them of pain. And second, he did not consider Baran's testimony at her hearing.

In defense of his determination that Baran was able to work, the ALJ cited the September 30, 1985 report of treating physician Dr. Ralph Yung, which documented that Baran had severe limitation of motion of the cervical spine. Further, the ALJ noted that Yung's report indicated that X-rays showed severe degenerative changes, medication treatment without much relief, and prescription of cervical traction and physical therapy.

However, the ALJ did not mention Dr. Yung's comment that Baran had a "persistent history of pain, mainly in neck and L–S spine, but also localized in hands." Nor did he mention Dr. Yung's observation that Baran "probably" had severe degenerative arthritis of the spine.

The ALJ also relied on the September 23, 1985 report of Social Security Administration ("SSA") consultative physician Dr. V. Rao. He noted Dr. Rao's opinion that there was "no clinical evidence of arthritis" and "no indication of any orthopedic problem," but failed to note Baran's complaint to Dr. Rao of numbness in her left upper extremity, tingling of the right lower extremity, and pain. Further, the ALJ overlooked Baran's "decreased sensation to pin

prick in the whole of the right lower extremity."

The ALJ noted the report of treating physician Dr. Ashraf, who treated Baran from December 1985 to August 1986. Dr. Ashraf's report shows that Baran had several ailments, including mitral valve prolapse, cardiac arrythmia, peptic ulcers, and hypoglycemia. However, the ALJ omitted reference to these findings.

In his report of January 31, 1986, Dr. Stauber, another SSA consultative examining physician, noted a history of cervical arthritis with chronic pain and tingling sensations which were exacerbated by movement, and for which medication gave only "moderate relief." Dr. Stauber also reported that Baran had limited neck movement. His diagnosis was spinal disease, cervical arthritis, ulcer "well controlled" by medication, and mitral valve prolapse. The ALJ noted all of this, but failed to mention Baran's complaints to Stauber of arthritis affecting the neck and lower spine, the history of cervical arthritis, x-rays revealing the arthritis, chronic recurrent pain, and a history of a slipped disc causing chronic lower back pain.

Between 1975 and July 1985, Baran went to the Bronx Municipal Hospital Center ("Jacobi"). A Record of Consultation and notes from July, 1985 indicate that Baran was unable to flex her neck fully and that her range of motion of the neck was limited to side by side movement. Further, pain on movement of her neck was noted, as were sensory deficits in the left upper extremity. After a neurological examination, Baran's degenerative changes in the cervical spine were found to be consistent with arthritis. However, the ALJ did not make reference to the Jacobi outpatient clinical medical records.

In spite of this evidence, the ALJ noted that, although Baran suffers from some pain and limitation of motion, and although X-rays show degenerative arthritis, Baran's physical conditions are not totally disabling, nor is her pain "so severe as to preclude all exertional activities." He found: "[t]he claimant's allegations of pain are credible but not to the extent so as to

preclude her from engaging no [sic] substantial gainful activity." The ALJ also found that "the claimant's condition has improved considerably."

Further, the ALJ found evidence that "there is no limitation as to her ability to sit or to lift [a] maximum of 10 pounds at one time." Thus, the ALJ concluded that Baran could perform sedentary work activities and could take public transportation. "The claimant has the residual functional capacity to perform work-related activities except for work involving heavy lifting and extensive walking and standing."

Given the ALJ's reports, it appears that he failed to credit reports by treating and consulting doctors about Baran's reports of pain, or Baran's testimony about her pain or her capacity to work. For example, Baran testified that she is in constant pain, and that she cannot sit in one position and has no strength in her arms ("I can't sit and do anything. I can't sit in one position and I have no strength in my arms. My ... arms are like dead weights."

The ALJ is not bound to accept Baran's testimony. However, if he rejects it, he must set forth his reasons with sufficient specificity. *See, e.g., Bluvband v. Heckler,* 730 F.2d 886, 894 (2d Cir.1984). "In making his inquiry, the ALJ must make credibility findings when there is conflicting evidence with respect to a material issue such as pain or other disability. If the claimant is found credible, his/her subjective pain may not be disregarded." *Donato v. Secretary of Health and Human Services,* 721 F.2d 414, 418–19 (2d Cir.1983). Here, the ALJ has not given a specific reason for discounting Baran's testimony, despite the fact that it was given under the penalty of perjury and even though medical diagnosis supports the statements.

■ Although the foregoing presents a sufficient basis for remand, in addition, Baran has submitted an updated treating physician's report by Dr. Ralph Yung, dated October 10, 1988, and a radiology report by Dr. Michael Shapiro dated April 22, 1988, which should be considered in a determination of Baran's disability. The Social Security Act permits review of evidence

discovered subsequent to the administrative review process "upon a showing that there is new evidence which is material" and when "there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g).

Dr. Yung's report includes medical findings that, among other things, Baran is unable to stand and move about for long, that she cannot sit for more than four hours a day and only thirty minutes continuously, and that she cannot walk or stand for more than five minutes continuously. Dr. Shapiro's report, dated April 22, 1988, indicates the persistence of degenerative disease.

Because the reports were written after the administrative hearing took place, there is good cause for failure to incorporate them in the earlier proceeding. Moreover, Yung and Shapiro's reports are material, for they document the severity of Baran's impairments and are closely linked to her impairments during the pertinent period of disability, and demonstrate that Baran's impairment has worsened, contrary to the ALJ's finding of improvement. *See, e.g., Tolany v. Heckler*, 756 F.2d 268, 272 (2d Cir.1985). In light of the materiality of the new information, the new reports should be considered.

*Conclusion*

The ALJ failed to consider adequately all relevant evidence, including physician's reports and Baran's own testimony, in reaching a disability determination.

For the reasons set forth above, the decision of the Secretary is reversed and the case is remanded for further consideration in accordance with this opinion.

It is so ordered.